**POLSINELLI PC**
Michelle Buckley (AZ-030617)
Blaize Boles (AZ-038723)
mmbuckley@polsinelli.com
bboles@polsinelli.com
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone:    (602) 650-2353
Facsimile:    (602) 391-2027

*Attorneys for First Data Merchant*
*Services LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Subpoenas Issued to MiCamp Solutions, LLC and Micah Kinsler <br><br> In Connection with: <br><br> *Indigitech, Inc.,* <br><br>    *Plaintiff,* <br><br>    *v.* <br><br> *First Data Merchant Services LLC, TeleCheck Services, LLC, and Money Network Financial, LLC,* <br><br>    *Defendants.* | Misc No. <br><br> Pending in the United States District Court for the District of New Jersey— Civil Case No. 1:24-cv-00650 <br><br> **FIRST DATA MERCHANT SERVICES LLC'S MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENAS AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

First Data Merchant Services LLC ("First Data") respectfully submits this Motion to Compel Compliance with Non-Party Subpoenas issued to MiCamp Solutions, LLC ("MiCamp") and Micah Kinsler and incorporated Memorandum of Points and Authorities in Support pursuant to Federal Rule of Civil Procedure 26, 37(a), 45(g), and LRCiv 7.2.

## I.   INTRODUCTION

First Data seeks an order compelling non-parties MiCamp Solutions, LLC and Micah Kinsler to comply with subpoenas properly served pursuant to Federal Rule of Civil Procedure 45 (the "Subpoenas"). The Subpoenas required production of documents over six months ago, on January 19, 2026. To date, MiCamp and Mr. Kinsler have produced only a minimal number of documents, served no objections, and provided no substantive response despite multiple attempts to resolve this matter without Court intervention.

## II.   BACKGROUND

### A.   The Underlying Litigation

The underlying action is pending in the United States District Court for the District of New Jersey and styled *Indigitech, Inc. v. First Data Merchant Services LLC, TeleCheck Services, LLC, and Money Network Financial, LLC*, Case No. 1:24-cv-00650 ("Underlying Action"). First Data, a Defendant in the Underlying Action, offers payment processing services and solutions to merchants. In its Complaint, Plaintiff Indigitech, Inc. ("Indigitech") alleges Defendants failed to pay Plaintiff commissions associated with merchants[1] Plaintiff referred to First Data under the parties' 2015 Referral Agreement ("Referral Agreement"). (ECF No. 1 ¶¶ 4, 25, 35, 38 ("Complaint").)[2] The Referral Agreement specifically prohibits Indigitech from soliciting referred merchants to switch to other payment processors. (ECF No. 1, Compl. Ex. A Sec. 6.)

---

[1] Specifically, Plaintiff contends Defendants owed Plaintiff commissions associated with its alleged referral of Hard Rock International Inc. ("Hard Rock"), Soho House, and Air Havana. (ECF No. 1, Compl. ¶¶ 36, 38.) The Seminole Tribe of Florida owns and operates Hard Rock.

[2] All docket entries cited refer to the docket of the Underlying Action.

1

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

MiCamp is an independent sales organization that markets First Data's payment processing services and receives residual payments for merchants it refers to First Data. Mr. Kinsler is MiCamp's President and personal friend of Plaintiff Indigitech's owner and operator, Roland Gardner. Discovery in the Underlying Action shows that after Mr. Gardner was unable to increase Indigitech's negotiated commission percentage, he turned to Mr. Kinsler for advice on how to move Hard Rock's business to other processors. (ECF No. 93 at 4–5 (Feb. 11, 2026 Dfts.' Renewed Ltr. Mot. for Sanctions).) Communications between Mr. Kinsler and Mr. Gardner suggest that Mr. Gardner attempted to move First Data merchants to MiCamp to get higher commission payments as early as February 2023. And, in fact, Mr. Kinsler and Mr. Gardner began negotiation of a referral agreement to move the Hard Rock business in 2024. (*Id*. Ex. I.) These actions are violations of the non-solicitation provision contained in the Referral Agreement and are therefore directly relevant to Defendants' affirmative defense of first material breach in addition to First Data's counterclaims.[3]

To substantiate its allegations, First Data sought communications between Indigitech, Mr. Gardner, and the referred merchants from Indigitech. But Plaintiff's discovery conduct and contradictory representations have undermined First Data's confidence in the accuracy of Plaintiff's statements.[4] Indeed, despite a Court order requiring

[3] First Data (together with the other Defendants in the Underlying Action) moved for leave to amend their answers and add counterclaims associated with Plaintiff's violations of its non-solicitation obligations. (ECF No. 69 (Nov. 7, 2025 Defendants' Motion for Leave to File Amended Answers, Affirmative Defenses, and Counterclaim).) Defendants' motion is still pending.

[4] For example, during the term of the Referral Agreement, Indigitech consistently and repeatedly referred to its "tribal partners" to exert pressure on Defendants to do what Indigitech wanted. (ECF No. 55 at 2–5.) During discovery, however, Indigitech's owner signed a sworn affidavit and testified in a deposition under oath that no such "partners" exist. Similarly, only after Defendants moved to compel Plaintiff's production of certain files related to text messages did Plaintiff "ma[k]e further efforts to retrieve" such files, ultimately locating and producing them. (ECF No. 58 at 7.)

2

FIRST DATA MERCHANT SERVICES LLC'S MOTION TO COMPEL COMPLIANCE
WITH NON-PARTY SUBPOENAS AND INCORPORATED MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT

Plaintiff to produce its text messages with Mr. Kinsler, Plaintiff has only produced text messages up to July 6, 2024, which uncoincidentally is the day after Plaintiff reached out to MiCamp and Mr. Kinsler regarding submitting a response to the Hard Rock Request for Proposal in contravention of Plaintiff's non-solicitation obligation. (*Id*.)

Accordingly, on January 5, 2026, First Data issued Subpoenas to Produce Documents, Information, or Objects to MiCamp and Mr. Kinsler (each a "Subpoena," collectively, the "Subpoenas") (copies of the Subpoenas are attached as **Exhibit A** (MiCamp) and **Exhibit B** (Mr. Kinsler) to the Declaration of C. Green). On January 6, 2026, and on January 7, 2026, respectively, MiCamp and Mr. Kinsler were served with the applicable Subpoena by personal service. (Copies of the Proofs of Service are attached as **Exhibit C** and **Exhibit D** to the Declaration of C. Green.)

**B.      MiCamp and Mr. Kinsler Failed to Respond to the Subpoenas.**

Over the past six months, neither MiCamp nor Mr. Kinsler has served any objections to the Subpoenas. Neither MiCamp nor Mr. Kinsler has moved to quash or seek a protective order. No documents were produced by the compliance deadline. And, following service of the Subpoenas, First Data engaged in *months* of conferral efforts regarding compliance, including multiple telephone conferences and email exchanges. Despite repeated assurances that additional searches would be conducted and supplemental productions would be made, compliance has not occurred.

On January 28, 2026, Michael Harnden, counsel for Mr. Kinsler, contacted counsel for First Data and produced 18 pages of documents. (A copy of the email is attached as **Exhibit E** to the Declaration of C. Green.) Although the compliance deadline had already passed, First Data agreed to extend the compliance deadlines for the subpoenas until February 6, 2026. (Green Decl. ¶ 6.) After significant subsequent conferral efforts, both on the phone and via email, Mr. Harnden produced documents on behalf of MiCamp on April 1, 2026. (Green Decl. ¶¶ 6–8.) Counsel for First Data immediately reviewed the document production and raised significant concerns on April 8, 2026, likely caused by technical

FIRST DATA MERCHANT SERVICES LLC'S MOTION TO COMPEL COMPLIANCE
WITH NON-PARTY SUBPOENAS AND INCORPORATED MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

issues. (Green Decl. ¶ 9.) Specifically, the production was limited to non-substantive emails that were clearly part of some sort of listserv and did not include other substantive emails First Data knows exist.

In May 2026, MiCamp and Mr. Kinsler switched counsel. On May 28, 2026, counsel for First Data met with new counsel for MiCamp and Mr. Kinsler to discuss the search for responsive documents and the deficiencies of the previous production. During this conference, counsel confirmed that he would conduct another search, review the documents starting the following Monday (*i.e.*, June 1, 2026), and make a supplemental production on behalf of his clients by the following week (*i.e.*, around June 3, 2026). (Green Decl. ¶ 12.) Except for First Data's counsel's June 17, 2026 follow-up regarding the overdue supplemental production, there have been no further communications from MiCamp, Mr. Kinsler, or their counsel, or any supplemental document production. (*Id*. ¶¶ 13–14.)

To date, MiCamp and Mr. Kinsler have not completed their production and have failed to produce responsive documents sufficient to comply with the Subpoenas. The Court has set fact discovery to close on July 29, 2026. (ECF No. 112.)[5]

## III.    ARGUMENT

Federal Rule of Civil Procedure 45 "obligates the nonparty to [comply with a subpoena] at pain of being held in contempt." *Sali v. Corona Reg'l Med. Ctr*., 884 F.3d 1218, 1224 (9th Cir. 2018). "The court 'may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.'" *Id*. (quoting Fed. R. Civ. P. 45(g)). "Even though subpoenas are issued by attorneys, they are issued on behalf of the district court and should be treated as orders of the district court." *Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2013 WL 5705291, at *3 (D. Ariz. Oct. 18, 2013). Accordingly, "[a] subpoena duces tecum is itself a court order, noncompliance with which may warrant contempt sanctions." *Id*.

---

[5] The parties are moving the Court to extend this deadline to September 14, 2026.

FIRST DATA MERCHANT SERVICES LLC'S MOTION TO COMPEL COMPLIANCE
WITH NON-PARTY SUBPOENAS AND INCORPORATED MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT

Rules 26(b) and 45 govern the scope of permissible discovery through a third-party subpoena, and "[t]he scope of discovery under a Rule 45 subpoena to non-parties is the same as that permitted under Rule 26." *Berwick v. Hartford Fire Ins. Co.*, No. MC 12-00055-PHX-FJM, 2012 WL 2856117, at *1 (D. Ariz. July 11, 2012). Under Rule 26(b)(1), a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Here, First Data properly served Subpoenas on MiCamp and Mr. Kinsler seeking documents that are plainly relevant to the Underlying Action. Neither MiCamp nor Mr. Kinsler objected to the Subpoenas, sought a protective order, moved to quash them, or otherwise provided a written response. Instead, both repeatedly represented that they were conducting searches for and reviewing responsive documents, yet neither has completed its production or otherwise complied with the Subpoenas. Accordingly, the Court should enter an order compelling MiCamp and Mr. Kinsler to comply fully with the Subpoenas.

A.    **An Order Compelling Compliance with the Subpoenas Is Appropriate.**

1.    **The Subpoenas Were Properly Served.**

On January 6, 2026, and January 7, 2026, respectively, MiCamp and Mr. Kinsler were served with the applicable Subpoena by personal service. (Green Decl. Exs. C–D.) In accordance with the requirements of Federal Rule of Civil Procedure 45(b)(1), the Subpoenas were personally delivered to MiCamp and Mr. Kinsler by a "person who is at least 18 years old" and "not a party" to the lawsuit. (*Id.*) As Federal Rule of Civil Procedure 45(a)(4) requires, counsel for First Data provided notice of the Subpoenas to counsel for Indigitech prior to service. (Green Decl. ¶ 3.)

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

FIRST DATA MERCHANT SERVICES LLC'S MOTION TO COMPEL COMPLIANCE
WITH NON-PARTY SUBPOENAS AND INCORPORATED MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

### 2.    The Requested Discovery Is Relevant to the Claims and Defenses in the Underlying Action.

A subpoena issued pursuant to Federal Rule of Civil Procedure 45 "is subject to the relevance standard of Rule 26." *Walker v. AIU Ins. Co.*, No. CV-23-01641-PHX-JAT, 2024 WL 4607473, at *1 (D. Ariz. Oct. 29, 2024). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Berwick v. Hartford Fire Ins. Co.*, No. MC 12-00055-PHX-FJM, 2012 WL 2856117, at *1 (D. Ariz. July 11, 2012). Courts have held that in the context of non-party subpoenas, this relevance standard is heightened. *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The standards for nonparty discovery . . . require a stronger showing of relevance than for simple party discovery."). "The requesting party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure." *Walker v. AIU Ins. Co.*, 2024 WL 4607473 at *1 (cleaned up).

Here, the Subpoenas seek information that is relevant to the claims and defenses in the Underlying Action. As discussed, the Referral Agreement specifically prohibits Indigitech from soliciting referred merchants to switch to other payment processors. (ECF No. 1, Compl. Ex. A Sec. 6.) First Data alleges that Indigitech, through Mr. Gardner, violated this provision by conferring with MiCamp and Mr. Kinsler about moving Hard Rock's business to other processors. (ECF No. 69, 70.) These actions blatantly violate the Referral Agreement's non-solicitation provision and evidence thereof would also support First Data's affirmative defense of Indigitech's prior breach of the Referral Agreement and First Data's counterclaims. (ECF No. 16, 70.)

Moreover, this is not a case in which there is an interest in nondisclosure. MiCamp and Mr. Kinsler did not object to the Subpoenas. MiCamp and Mr. Kinsler have simply failed to meaningfully respond to the Subpoenas despite multiple opportunities to cure their deficiencies and their repeated assurances that supplemental productions would be forthcoming. *Berrey v. Plaintiff Inv. Funding LLC*, No. CV-14-00847-PHX-BSB, 2014 WL

FIRST DATA MERCHANT SERVICES LLC'S MOTION TO COMPEL COMPLIANCE
WITH NON-PARTY SUBPOENAS AND INCORPORATED MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

6908525, at *3 (D. Ariz. Dec. 9, 2014) (finding non-parties "waived any objections based on relevance or materiality, or that the subpoenas are overly broad, vague or unduly burdensome" when they failed to timely object to the subpoenas).

### 3. The Requested Discovery Is Proportional to the Needs of the Case.

When evaluating proportionality, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The discovery sought from MiCamp and Mr. Kinsler is proportional to the needs of this case.

As explained above, the requested discovery is highly relevant and goes to the heart of one of First Data's key defenses and a potential counterclaim if the pending Motion to Amend is granted. (*Supra* Section III(A)2.) Importantly, upon Indigitech's breach of the Referral Agreement, First Data's obligation to make residual payments immediately ceases. (ECF No. 1, Compl. Ex. A Sec. 9.2.)

While Indigitech does not specify a particular amount in controversy in the Complaint, the amount at least exceeds the $75,000 monetary requirement for diversity jurisdiction and Indigitech seeks to hold First Data liable for much more. Additionally, the requested information cannot be reliably obtained through discovery from Plaintiff due to its discovery misconduct and contradictory representations. (*Supra* Section II(A).) Moreover, the Subpoenas were served on sophisticated parties—a limited liability company and its President, both of which have the resources to respond to the Subpoenas (a conclusion further supported by the fact that both parties are represented by counsel).

Finally, the benefit of the requested information outweighs any burden or expense to MiCamp and Mr. Kinsler. The requested information is vital to First Data as it will help prove that Indigitech violated the Referral Agreement. On the other hand, requiring production of the requested information will not burden MiCamp and Mr. Kinsler.

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

Importantly, MiCamp and Mr. Kinsler did not object to the Subpoenas and, by their own admissions, conducted the relevant searches already. If MiCamp and Mr. Kinsler believed the Subpoenas were unduly burdensome, they were required to raise that objection by the objection deadline.

**B.    MiCamp and Mr. Kinsler Waived Any Objection by Failing to Assert Any Over the Past Six Months.**

Federal Rule of Civil Procedure 45(d)(2)(B) requires objections to be served before the earlier of the time specified for compliance or 14 days after service. Fed. R. Civ. P. 45(d)(2)(B). The MiCamp and Mr. Kinsler Subpoenas were served on January 6, 2026, and January 7, 2026, respectively, with an initial compliance date of January 19, 2026. (Exs. A–B.) As a courtesy, First Data later agreed to extend the compliance date *after the deadline had already passed* to February 6, 2026. (Decl. of C. Green ¶ 6.) Over four months have passed since the February 6, 2026 compliance deadline and neither MiCamp nor Mr. Kinsler have served objections. (*Id*. ¶ 14.) Accordingly, any objections have been waived.

**C.    An Order Awarding Attorneys' Fees Is Appropriate.**

Pursuant to Federal Rule of Civil Procedure 37(a)(5), if the Court grants this Motion, then it "*must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). An award of reasonable expenses is mandatory unless one of the following circumstances exists: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). An award of reasonable expenses, including attorneys' fees, is required under the facts of this case.

*First*, the evidence overwhelmingly demonstrates that First Data attempted in good faith to obtain the requested documents without court intervention. Even though MiCamp and Mr. Kinsler failed to respond by the original compliance date of January 19, 2026, First Data nonetheless agreed to extend the compliance deadline to February 6, 2026. (Decl. of C. Green ¶¶ 5, 6.)  MiCamp and Mr. Kinsler again missed the deadline. Counsel for First Data ("Ms. Green") reached out to counsel for MiCamp and Mr. Kinsler ("Mr. Harnden") on February 24, 2026, requesting an update regarding the production. (*Id*. ¶ 7.) Although Mr. Harnden claimed that he expected to produce the relevant documents by close of business or the next day, First Data did not hear anything until much later. (*Id*. ¶ 7.) Ms. Green again followed up on March 3, 2026 and March 16, 2026. (*Id*. ¶ 8.) On March 31, 2026, Mr. Harnden finally responded, but to First Data's dismay, MiCamp and Mr. Kinsler only produced another 47 documents. (*Id*. ¶ 8.) Even then, the production consisted of several emails from an "unknown" sender which did not contain the body of the email. (*Id*. ¶ 9.) The production was also missing responsive communications (including communications that First Data had already obtained through Plaintiff's limited production). (*Id*.) On April 14, 2026, Ms. Green followed up with Mr. Harnden about the production deficiencies. (*Id*. ¶ 10.) Having received no response, Ms. Green followed up with Mr. Harnden again on May 12, 2026. (*Id*. ¶ 11.) At this time, she was introduced to new counsel—Mr. Young. (*Id*.) Ms. Green conferred with Mr. Young about the discovery deficiencies on May 28, 2026. (*Id*. ¶ 12.) Mr. Young advised that he would conduct a new search on June 1, requested additional information (which Ms. Green provided on the same day), review the documents for responsiveness, and provide a supplemental production the following week. (*Id*.) Ms. Green followed up about the needed production on June 17, 2026. (*Id*. ¶ 13.) During the June 17, 2026 communications, Ms. Green advised that First Data would seek Court intervention to enforce the Subpoenas. (*Id*.) Mr. Young responded on the same day, indicating that he "believe[d] [the parties] will have a resolution shortly." (*Id*.) First Data has received no further communications regarding the Subpoenas. (*Id*. ¶ 14.) As

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

9

FIRST DATA MERCHANT SERVICES LLC'S MOTION TO COMPEL COMPLIANCE
WITH NON-PARTY SUBPOENAS AND INCORPORATED MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT

such, First Data has given MiCamp and Mr. Kinsler multiple opportunities, spanning over the course of five months, to correct its discovery deficiencies, but MiCamp and Mr. Kinsler have failed to do so. First Data was left with no choice but to bring this motion.

*Second*, MiCamp's and Mr. Kinsler's failure to comply with the Subpoenas was not justified. MiCamp and Mr. Kinsler are sophisticated parties represented by counsel. MiCamp and Mr. Kinsler have had months to meaningfully respond to the Subpoenas and have simply elected not to do so. Under no circumstances are their inactions justified.

*Third*, no other circumstances make an award of expenses unjust. MiCamp and Mr. Kinsler have had an ample amount of time to meaningfully respond to the Subpoenas and have failed to do so. While courts are divided on whether Rule 37(a)(5) applies to non-parties in the context of motions to compel the production of documents, courts, including a court in this District, have readily granted an award of expenses under Rule 37(a)(5) when a motion to compel was granted against a non-party to the lawsuit. *See Doan v. Civ. Serv. Emps. Ins. Co.*, No. CV-25-00984-PHX-MTL, 2025 WL 3280269, at *2–5 (D. Ariz. Nov. 25, 2025) (granting fees under Rule 37(a)(5)(C) given the non-party's failure to produce documents); *OL Priv. Couns., LLC v. Olson*, No. 2:21-CV-00455, 2024 WL 3900103, at *7 n. 61 (D. Utah Aug. 20, 2024) ("Rule 37's fee provisions apply to nonparties.").[6]

Finally, if the Court awards First Data its reasonable attorneys' fees incurred in connection with this motion, First Data requests leave to submit a statement evidencing such fees within fifteen days of the Court's order.

---

[6] To the extent this Court finds that Rule 37(a)(5) is not the proper rule under which to seek reasonable expenses, First Data requests that this Court construe its request as a request to find MiCamp and Mr. Kinsler in contempt under Rule 45(g) and to order sanctions equaling the amount of reasonable expenses incurred.

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

10

FIRST DATA MERCHANT SERVICES LLC'S MOTION TO COMPEL COMPLIANCE
WITH NON-PARTY SUBPOENAS AND INCORPORATED MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000

## IV.    CONCLUSION

For the foregoing reasons, First Data respectfully requests the Court to issue an Order:

1.    Compelling MiCamp and Mr. Kinsler to produce all documents responsive to the requests in the Subpoenas within ten (10) days from the date of the Order;

2.    Deeming any objections to the Subpoenas waived;

3.    Awarding First Data its reasonable fees and expenses incurred in bringing this Motion pursuant to Rule 37(a)(5); and

4.    Granting such further relief as the Court deems proper.

Dated:  June 30, 2026                                 **POLSINELLI PC**

By:    */s/ Michelle Buckley*
Michelle Buckley (AZ-030617)
Blaize Boles (AZ-038723)
mmbuckley@polsinelli.com
bboles@polsinelli.com
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone:     (602) 650-2353
Facsimile:     (602) 391-2027

*Attorneys for Defendant First Data
Merchant Services LLC*

FIRST DATA MERCHANT SERVICES LLC'S MOTION TO COMPEL COMPLIANCE
WITH NON-PARTY SUBPOENAS AND INCORPORATED MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT

**CERTIFICATE OF SERVICE**

On June 30, 2026, I served the foregoing document(s) described as:

**FIRST DATA MERCHANT SERVICES LLC'S MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENAS AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

on the interested parties in this matter addressed as follows:

Micah Kinsler
8381 N Via Mia
Scottsdale, AZ 85258

MiCamp Solutions
c/o F&M Agent Services, LLC
Attn: Tim Medcoff
100 S Church Ave, Suite 100
Tucson, AZ 85701

Derek R. Young                                    ***Counsel for MiCamp Solutions, LLC and***
Moll & Young                                      ***Micah Kinsler***
31 NE 17th Street
Miami, Florida 33132
derek@mollyoung.com

George H. Flammer, Jr.                            ***Counsel for Indigitech, Inc.***
Farrell Thurman & Flammer, P.C.
172 Tamarack Circle
Skillman, NJ 08558
flammer@ftlaw.net

James C. Huber
Jordan Michel Krassner
Global Legal Law Firm
322 Encinitas Blvd, Suite 200
Encinitas, CA 92024
jhuber@attorneygl.com
jkrassner@attorneygl.com

Dated: June 30, 2026                              */s/ Julia Roberts*
                                                  Julia Roberts

Polsinelli PC
One E. Washington Street, Suite 1200
Phoenix, AZ 85004
(602) 650-2000